**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO ANTONIO CHAVEZ-CRUZ, | No. 12-70960 |
| Petitioner, | Agency No. A099-669-563 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Pedro Antonio Chavez-Cruz, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal, and reversing the IJ's decision granting protection under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We grant the petition for review and we remand.

In denying Chavez-Cruz's asylum and withholding of removal claims, the agency found Chavez-Cruz failed to establish a nexus to a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and *Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

In reversing the IJ's grant of CAT protection, the BIA cited its decision in *Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008), for its de novo standard of review of the IJ's decision. In *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 589-91 (BIA 2015), the BIA overruled *Matter of V-K-* as to its standard of review of the IJ's factual findings.

Thus, we remand Chavez-Cruz's asylum, withholding of removal, and CAT claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our disposition, we do not reach Chavez-Cruz's due process

12-70960

contentions at this time.

**PETITION FOR REVIEW GRANTED; REMANDED.**